UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PEDRO TORRES,

                                    Plaintiff,                9:08-CV-0416

v.                                                (NAM/GHL)

MR. CARON, *Sergeant, Upstate Correctional Facility*, and
MR. GARRISON, *Correctional Officer, Upstate Correctional Facility*,

                                   Defendants.
_____

APPEARANCES:                            OF COUNSEL:

PEDRO TORRES, 93-A-7585
Plaintiff *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO               CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER

     This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Generally, Plaintiff

alleges that Defendants assaulted him while he was incarcerated at Upstate Correctional Facility.

Dkt. No. 1.

     Currently pending before the Court is Defendants' motion for summary judgment pursuant

to Fed. R. Civ. P. 56.  Dkt. No. 18.  Plaintiff has not opposed the motion, despite having been

repeatedly advised of the consequences of failing to do so, and having been *sua sponte* granted an extension of the deadline to do so.  Dkt. No. 18-1; Dkt. No. 19.  Under the circumstances, I recommend that Defendants' motion for summary judgment be granted.

## I.   BACKGROUND

### A.   Summary of Plaintiff's Complaint

The complaint asserts the following:

On January 28, 2008, Defendant Sgt. Caron had Plaintiff escorted to a room in the infirmary in which there were no video cameras.  Dkt. No. 1 at 4, 7.  Defendant Caron and Defendant Correctional Officer Garrison then physically assaulted Plaintiff by kicking him.  Dkt. No. 1.

Plaintiff filed an inmate grievance, which was denied.  Dkt. No. 1 at ¶ 4(b)(I).  Plaintiff appealed to the Superintendent.  *Id.* at ¶ 4(b)(ii).  He then appealed to the central office review committee ("CORC").  *Id.* at ¶ 4(c)(I) and p. 7.  When asked to state the final result, Plaintiff wrote, "I am now in process of civil summons and complaint [sic]."  *Id.* at ¶ 4(c)(ii).

Plaintiff requests that he be transferred to a different facility and that he be compensated. Dkt. No. 1 at 6.

### B.   Summary of Grounds in Support of Defendants' Motion for Summary Judgment

Defendants argue that Plaintiff's claims should be dismissed because (1) Plaintiff failed to exhaust administrative remedies prior to commencing this action; and (2) Plaintiff is unable to substantiate an excessive force cause of action.  Dkt. No. 18-3.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Legal Standard Governing Unopposed Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[2]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[3] The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[4] Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response .

---

[1]     A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[2]     *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[3]     Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff]."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[4]     *Matsushita*, 475 U.S. at 585-86; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . .").

[5]     *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

3

. . does not . . . [by itself] mean that the motion is to be granted automatically."[6]  Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants.[7]  However, the plaintiff's failure to respond to the defendant's motion for summary judgment lightens the defendant's burden on the motion.

More specifically, where a plaintiff has failed to properly respond[8] to a defendant's statement of material facts, contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true[9] to the extent that (1) those facts are supported by the evidence in the record,[10] and (2) the non-moving party, if he

---

[6]        *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

[7]        *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.) (stating that, where a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he Court must review the merits of Plaintiff's claims").  This requirement (that the Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been "properly filed" and "the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein."*  N.D.N.Y. L.R. 7.1(b)(3) [emphasis added].

[8]        *See* N.D.N.Y. L.R. 7.1(a)(3) ("The opposing party shall file a response to the Statement of Material Facts.  The non-movant's response shall mirror the movant's Statements of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.").  To create a dispute of material fact, it is not sufficient that the non-movant merely challenge the veracity or form of one or more of the movant's supporting affidavits.  *See Chemical Bank v. Hartford Acc. & Indem. Co.*, 82 F.R.D. 376, 378 (S.D.N.Y. 1979); *Hofmann v. John Hancock Mu. Life. Ins. Co.*, 400 F. Supp. 827, 831, n.5 (D. Md. 1975).

[9]        *See* N.D.N.Y. L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.</u>") [emphasis in original].

[10]        *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if

is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.[11]

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[12]  Stated another way, where a defendant has properly filed a memorandum of law (in support of a properly filed motion for summary judgment), and the plaintiff has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the defendant's memorandum of law are

---

it has met its burden of demonstrating that no material issue of fact remains for trial. . . .  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citation to evidence in the record supports the assertion.") [internal quotation marks and citations omitted];  *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3).  Consequently, the court will accept the  *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made  *and supported* as provided in this rule") [emphasis added].

   [11]      *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf.* N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

   [12]      N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's  *response* . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so  *respond*, summary judgment, if appropriate, shall be entered against the adverse party.") [emphasis added].

*facially meritorious.*[13]  A defendant's burden in making legal arguments that are facially meritorious

has appropriately been characterized as "modest."[14]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to

a motion for summary judgment, a district court has no duty to perform an independent review of

the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se.*[15]  This is

because even *pro se* plaintiffs must obey the Court's procedural rules.[16]  For example, this Court has

rather consistently enforced Local Rule 7.1(a)(3) (and its predecessor, Local Rule 7.1[f]), by

deeming facts set forth in a moving party's statement to have been admitted where the opposing

party has failed to properly respond to that statement–even where the opposing party was proceeding

*pro se* in a civil rights case.[17]

---

[13]       *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted].

[14]       *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest" [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]).

[15]       *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment);  *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[16]       *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted].

[17]       *See, e.g., DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.) (*pro se* civil rights case); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1[a][3], in *pro se* civil rights case).

However, in the event the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit.[18]  That having been said, to be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit (or verified complaint) must, among other things, be based "on personal knowledge."[19]  An affidavit (or verified complaint) is not based on personal knowledge if, for example, it is based on mere "information and belief" or hearsay.[20]  In addition, such an affidavit (or verified complaint) must not be conclusory.[21]  An affidavit is conclusory if, for example, its assertions lack any supporting evidence or are too general.[22]  Finally, even where an affidavit (or

---

[18]     *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment.");  *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

[19]     Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); *see also U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], *cert. denied sub nom*, *Ferrante v. U.S.*, 516 U.S. 806 (1995).

[20]     *See Patterson*, 375 F.3d at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . .  [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("[Defendant's] affidavit states that it is based on personal knowledge *or* upon information and belief . . . .  Because there is no way to ascertain which portions of [Defendant's] affidavit were based on personal knowledge, as opposed to information and belief, the affidavit is insufficient under Rule 56 to support the motion for summary judgment."); *Applegate v. Top Assoc., Inc.*, 425 F.2d 92, 97 (2d Cir. 1970) (rejecting affidavit made on "suspicion . . . rumor and hearsay"); *Spence v. Maryland Cas. Co.*, 803 F. Supp. 649, 664 (W.D.N.Y. 1992) (rejecting affidavit made on "secondhand information and hearsay"), *aff'd*, 995 F. 2d 1147 (2d Cir. 1993).

[21]     *See* Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson*, 375 F.3d at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.*, 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

[22]     *See, e.g.*, *Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy, C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary

verified complaint) is nonconclusory, it may be insufficient to create a factual issue where it possesses the following two characteristics: (1) it constitutes almost the sole or exclusive basis for a disputed issue of fact in the case (or, expressed differently, it is largely unsubstantiated by any other direct evidence); and (2) it is so lacking in credibility that, even after drawing all inferences in the light most favorable to the non-movant, no reasonable jury could find for the non-movant because the testimony is incomplete and/or replete with inconsistencies and improbabilities.[23]

### B.   Legal Standard Governing Motion to Dismiss for Failure to State a Claim

To the extent that a defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion is

---

judgment.") [citations omitted]; *West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting affidavit's conclusory statements that, in essence, asserted merely that there was a dispute between the parties over the amount owed to the plaintiff under a contract); *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985) (plaintiff's allegation that she "heard disparaging remarks about Jews, but, of course, don't ask me to pinpoint people, times or places. . . . It's all around us" was conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S. 829 (1985); *Applegate*, 425 F.2d at 97 ("[Plaintiff] has provided the court [through his affidavit] with the characters and plot line for a novel of intrigue rather than the concrete particulars which would entitle him to a trial.").

[23]     *See, e.g., Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) ("[I]n the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether . . . there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account. . . . In the circumstances presented in the instant case-where (1) the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the District Court, even after drawing all inferences in the light most favorable to the plaintiff, determined that no reasonable person could believe Jeffreys' testimony, . . . we hold that the District Court did not err by awarding summary judgment. Because no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in the complaint, . . . we conclude that summary judgment was appropriate.") [internal quotation marks and citations omitted]; *cf. Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42-46 (2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line [1] was "unsupported by documentary or other concrete evidence," and indeed was contradicted by the other record evidence, and [2] was "conclusory" and "inconsistent" with plaintiffs' present representations); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612-15 (S.D.N.Y. 2004) (plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony [1] recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign," and [2] were inconsistent with plaintiff's other statements and claims), *aff'd*, 136 F. App'x 383 (2d Cir. 2005) (unreported decision, cited not as precedential authority but merely to show the case's subsequent history, in accordance with Second Circuit Local Rule § 0.23).

functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."  *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) [citations omitted]; *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").  Accordingly, it is appropriate to summarize the legal standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d

Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in

the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint gives

any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required

where the plaintiff has already amended the complaint.  *Advanced Marine Tech. v. Burnham Sec.,*

*Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already

amended complaint once).  In addition, an opportunity to amend is not required where "the problem

with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."

*Cuoco*, 222 F.3d at 112 (citation omitted).

## III.     ANALYSIS

### A.     Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") requires that prisoners who bring suit in federal

court must first exhaust their available administrative remedies: "No action shall be brought with

respect to prison conditions under §1983 . . . by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."[24]  "[T]he

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

---

[24]      42 U.S.C. § 1997e.

general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[25]  The Department of Correctional Services ("DOCS") has available a well-established three-step inmate grievance program.[26]

Generally, the DOCS Inmate Grievance Program ("IGP") involves the following procedure for the filing of grievances.[27]  First, an inmate must file a complaint with the facility's IGP clerk within twenty-one (21) calendar days of the alleged occurrence.  If a grievance complaint form is not readily available, a complaint may be submitted on plain paper.  A representative of the facility's inmate grievance resolution committee ("IGRC") has sixteen (16) calendar days from receipt of the grievance to informally resolve the issue.  If there is no such informal resolution, then the full IGRC conducts a hearing within sixteen (16) calendar days of receipt of the grievance, and issues a written decision within two (2) working days of the conclusion of the hearing.  Second, a grievant may appeal the IGRC decision to the facility's superintendent within seven (7) calendar days of receipt of the IGRC's written decision.  The superintendent is to issue a written decision within twenty (20) calendar days of receipt of the grievant's appeal.  Third, a grievant may appeal to the CORC within seven (7) working days of receipt of the superintendent's written decision.  CORC is to render a written decision within thirty (30) calendar days of receipt of the appeal.  It is important to note that any failure by the IGRC or the superintendent to timely respond to a grievance or first-level appeal, respectively, can be appealed to the next level, including CORC, to complete

---

[25]        *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[26]        7 N.Y.C.R.R. § 701.7.

[27]        7 N.Y.C.R.R. §§ 701.5, 701.6(g), 701.7; *see also White v. The State of New York*, 00-CV-3434, 2002 U.S. Dist. LEXIS 18791, at *6 (S.D.N.Y. Oct 3, 2002).

the grievance process.[28]

DOCS has a separate and distinct administrative process for inmates to appeal the result of disciplinary hearings, which is not referred to as a "grievance" process. In fact, the regulations specifically state that the results of disciplinary hearings are "non-grievable." N.Y. Comp. Codes R. & Regs. tit. 7, § 701.3(e)(1)-(2). For Tier III superintendent hearings, the inmate must file an appeal with Donald Selsky, DOCS Director of Special Housing/Inmate Disciplinary Program, pursuant to 8 N.Y.C.R.R. § 254.8. The appeal must be filed within 30 days of the inmate's receipt of the hearing officer's disposition. N.Y. Comp. Codes R. & Regs. tit. 7 § 254.8. If a prisoner has failed to properly follow each of the applicable steps prior to commencing litigation, he has failed to exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81 (2006).

The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available administrative remedies, as required by the PLRA.[29] First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner."[30] Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of

---

[28]      7 N.Y.C.R.R. § 701.6(g) ("[M]atters not decided within the time limits may be appealed to the next step."); *Hemphill v. New York*, 198 F. Supp.2d 546, 549 (S.D.N.Y. 2002), *vacated and remanded on other grounds*, 380 F.3d 680 (2d Cir. 2004); *see, e.g.*, *Reyes v. Punzal,* 206 F. Supp.2d 431, 433 (W.D.N.Y. 2002) ("Even assuming that plaintiff never received a response to his grievance, he had further administrative avenues of relief open to him."); *Nimmons v. Silver*, 03-CV-0671, Report-Recommendation, at 15-16 (N.D.N.Y. filed Aug. 29, 2006) (Lowe, M.J.) (recommending that the Court grant Defendants' motion for summary judgment, in part because plaintiff adduced no evidence that he appealed the lack of a timely decision by the facility's IGRC to the next level, namely to either the facility's superintendent or CORC), *adopted by* Decision and Order (N.D.N.Y. filed Oct. 17, 2006) (Hurd, J.).

[29]      *See Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004). The Second Circuit has not yet decided whether the *Hemphill* rule has survived the Supreme Court's decision in *Woodford*. *Chavis v. Goord*, No. 07-4787-pr, 2009 WL 1803454, at *1 (2d Cir. June 25, 2009).

[30]      *Hemphill*, 380 F.3d at 686 (citation omitted).

12

non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense."[31]   Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements."[32]

In this case, Plaintiff submitted a grievance, which was deemed filed on February 27, 2008. Dkt. No. 18-8, at 4.  On March 11, 2008, the Superintendent denied the grievance.  *Id.* at 10.  On March 21, 2008, Plaintiff appealed to the CORC.  *Id.* at 5.  On April 7, 2008, Plaintiff filed his complaint.  Dkt. No. 1, at 6.  On April 23, 2008, the CORC issued a final determination denying the grievance appeal.  Dkt. No. 18-8, at 3.  Therefore, Plaintiff commenced this action before CORC issued a final determination.  Accordingly, Plaintiff failed to fully exhaust his administrative remedies.

With regard to the three-part inquiry set forth in *Hemphill*, first, I note that an administrative remedy was available to Plaintiff.[33]   Plaintiff expressly states that there was a prisoner grievance procedure at Upstate C.F., and that he filed a grievance to the IGRC and appeals to the Superintendent and the CORC.  Dkt. No. 1, at ¶ 4.  Thus, Plaintiff had available to him an administrative remedy which should have been pursued to completion before filing the instant

---

[31]   *Id.* [citations omitted].

[32]   *Id.* [citations and internal quotations omitted].

[33]   To be "available" for purposes of the PLRA, an administrative remedy must afford "the possibility of some relief for the action complained of."  *Booth v. Churner*, 532 U.S. 731, 738 (2001).  In addition, a court deciding this issue must apply an objective test and determine whether a similarly situated person of ordinary firmness would have deemed the administrative remedy available.  *Hemphill*, 380 F.3d at 688.

action.

Second, Defendants are not estopped from asserting the exhaustion defense.[34]  Here, Plaintiff alleges no facts suggesting that Defendants took any actions that inhibited Plaintiff from exhausting his available administrative remedies before commencing this action.

Third, Plaintiff has not alleged special circumstances justifying his failure to exhaust his administrative remedies before commencing this lawsuit.[35]  Plaintiff has not alleged that he was laboring under any sort of physical infirmity, or reasonable misunderstanding of the law.  Therefore, Plaintiff's failure to exhaust his administrative remedies before commencing this action is not justified.

Moreover, the exhaustion of Plaintiff's grievance after this suit was filed is insufficient.  In *Neal v. Goord*, the Second Circuit held that "[s]ubsequent exhaustion after suit is filed . . . is insufficient."  *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002).  The Court explained as follows:

> [A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court.  Moreover, contrary to [the plaintiff's] argument of judicial inefficiency, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court will have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset.

---

[34]     A defendant may be equitably estopped from raising the exhaustion defense if he or she engaged in conduct that hindered the plaintiff's ability to pursue his or her administrative remedies.  *Ziemba v. Wezner*, 366 F.3d 161, 162-63 (2d Cir. 2004)(district court directed to consider whether defendants were estopped from asserting exhaustion defense where inmate alleged that he was beaten, threatened, denied grievance forms, and transferred to another prison).  A prison official's refusal to accept or forward a prisoner's grievance is conduct that hinders a plaintiff's ability to pursue administrative remedies.  *Sandlin v. Poole*, 575 F. Supp. 2d 484, 488 (W.D.N.Y. 2008).

[35]     Justification "must be determined by looking at the circumstances which might understandably lead . . . uncounselled prisoners to fail to grieve in the normally required way."  *Giano v. Good*, 380 F.3d 670, 678 (2d Cir. 2004).

*Id.* at 123.  In other words, "The fact that a grievance is filed, or the process is completed, subsequent to commencement of suit will not salvage an otherwise premature filing." *Chalif v. Spitzer*, No. 9:05-CV-1355, 2008 WL 1848650, at *13 (N.D.N.Y. Apr. 23, 2008) (Kahn, J.) (adopting Report-Recommendation of Magistrate Judge David Peebles in which the plaintiff's claim was subject to dismissal because exhaustion had not occurred at the time the action was filed) (citing *Neal*, 267 F.3d at 122).

Accordingly, I recommend that the complaint be dismissed without prejudice to re-filing. While this may not be the most efficient result, as noted in *Mendez v. Artuz*:

> [T]he Court of Appeals has ruled that from the broader perspective of Congress and
> appellate judges, the greater good forbids allowing a case to proceed where
> administrative remedies have been exhausted while the complaint is pending, and
> requires in such a case dismissal of the complaint, to be re-filed, if the plaintiff
> wishes, with the addition of paragraphs explaining how administrative remedies have
> been exhausted.

No. 01 CIV. 4157, 2002 U.S. Dist. LEXIS 3263, at * 4, 2002 WL 313796, at * 2 (S.D.N.Y. Feb. 27, 2002) (holding that prisoner failed to exhaust administrative remedies when he commenced civil rights action before receiving decision from the CORC) (citing *Neal,* 267 F.3d at 123).  Thus, Defendants' motion for summary judgment should be granted in this regard.

## B.     Excessive Force

When prison officials are "accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The extent of any injury suffered by the inmate "is one factor that may suggest whether the use of force could plausibly have been thought necessary in

a particular situation or instead evinced such wantoness with respect to the unjustified infliction of

harm as is tantamount to a knowing willingness that it occur." *Id.* at 7 (citation and quotation marks

omitted).

> In determining whether the use of force was wanton and unnecessary, it
> may also be proper to evaluate the need for application of force, the
> relationship between that need and the amount of force used, the threat
> reasonably perceived by responsible officials, and any efforts made to
> temper the severity of a forceful response.  The absence of serious injury
> is therefore relevant to the Eighth Amendment inquiry, but does not end
> it.

*Id.* (citation and quotation marks omitted).  In other words, not "every malevolent touch by a prison

guard gives rise to a federal cause of action.  The Eighth Amendment's prohibition of cruel and

usual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical

force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at

9.

Defendants move for summary judgment of Plaintiff's excessive force claim.  They argue

that Plaintiff's excessive force claim should be dismissed because there is no independent, objective

evidence establishing this claim.  Dkt. No. 18-3, at 7.  They claim that "[n]o reasonable finder of

fact could find in favor of the plaintiff, especially given the absence of [objective] medical

evidence." *Id.* at 8.

Although Defendants do not explicitly say so, their argument that "Plaintiff has no objective

evidence" of excessive force is apparently an attempt to invoke a "narrow exception" to the general

rule that credibility determinations are not to be made on summary judgment. *Jeffreys v. City of

New York*, 426 F.3d 549, 554 (2d Cir. 2005); *Blake v. Race*, 487 F. Supp. 2d 187, 202 (E.D.N.Y.

2007).  In *Jeffreys*, the Second Circuit held that in the "rare circumstance where the plaintiff relies

16

almost exclusively on his own testimony, much of which is contradictory and incomplete," the court may appropriately conclude at the summary judgment stage that no reasonable jury would credit the plaintiff's testimony. *Jeffreys*, 426 F.3d at 554.

Based on the following, I am unable to agree with Defendants that the circumstances of this case fall within the narrow exception to the well-established rule that issues of credibility are not to be resolved by a court on a motion for summary judgment.

First, in order for the *Jeffreys* exception to apply, the plaintiff must rely "almost exclusively on his own testimony." *Jeffreys*, 426 F.3d at 554. Here, Plaintiff relies entirely on the allegations contained in the verified complaint. Thus, this factor suggests that the *Jeffreys* exception should apply.

Second, in order for the *Jeffreys* exception to apply, Plaintiff's testimony must be "contradictory or incomplete." *Jeffreys*, 426 F.3d at 554. Here, Plaintiff's testimony is not contradictory nor incomplete. In *Jeffreys*, the plaintiff, who alleged that police officers had beaten and defenestrated him, confessed on at least three occasions that he had jumped out of a third-story window rather than having been thrown. *Jeffreys*, 426 F.3d at 552. The plaintiff did not publicly state that he had been thrown out of a window by police officers until *nine months* after the incident. *Id.* The plaintiff could not identify any of the individuals whom he alleged participated in the attack or describe their ethnicities, physical features, facial hair, weight, or clothing on the night in question. *Id.*

Here, in contrast, the record before the Court contains no contradictory accounts from Plaintiff. Plaintiff stated in his verified complaint that on January 28, 2008, at approximately 10:00 p.m., Defendant Caron had Plaintiff escorted to a cell in the infirmary where both Defendants

"unjust[ly] assault[ed]" Plaintiff by kicking him.  Dkt. No. 1.  Similarly, in Plaintiff's grievance, he stated that on the same date and approximate time, Defendant Caron had Plaintiff escorted to a cell in the infirmary where Defendant Caron hit him on the right side of the ribs, causing Plaintiff to fall to the floor.  Dkt. No. 18-8, at 8.  While Plaintiff was on the floor, both Defendants kicked him "without . . . justifiable reason."  *Id.*  Thus, the record before me contains no contradictory accounts of the alleged incident from Plaintiff.[36]  Moreover, unlike in *Jeffreys*, Plaintiff has specifically identified the officers whom he alleges assaulted him.  Thus, this factor suggests that the *Jeffreys* exception should not apply.

Third, the *Jeffreys* exception is most applicable where the plaintiff's version of events is contradicted by defense testimony.  In *Jeffreys*, for instance, one of the arresting officers declared that, contrary to the plaintiff's version of events, he was the only officer who entered the room where the plaintiff was allegedly beaten and that he saw the plaintiff jump out the open window.  *Jeffreys*, 426 F.3d at 551-52.   Here, Plaintiff's version of events has not been contradicted by an affidavit from any of the officers whom he alleges used excessive force because Defendants' motion for summary judgment is not supported by any affidavit from Defendants.  The only proof offered by Defendants that they did *not* use excessive force are unsworn memoranda addressed to "Lt. Mitchell" from Defendants in which they deny assaulting Plaintiff.  Dkt. No. 18-10, at 5-6.  Thus, this factor suggests that the *Jeffreys* exception should not apply.

---

[36]  Moreover, I note that a medical note dated January 31, 2008, indicates that Plaintiff's "clinical diagnosis/history" was "Pain Rt lateral ribs/lower."  Dkt. No. 18, Smith Decl., Ex. 1 at 50.  The note indicates that a chest x-ray was ordered; however the note also states the word "Refused."  *Id.*  Defendants' briefly acknowledge the x-ray in a footnote.  They state that Plaintiff "refused" to undergo the x-ray, which Defendants note was "routine."  Dkt. No. 18-3, at 8 n.13.  The medical records also indicate that on February 2, 2008, Plaintiff complained that his back was hurting and that he requested medication.  Dkt. No. 18, Smith Decl., Ex. 1 at 47.

Accordingly, I would recommend against invoking the *Jeffreys* exception, and in favor of denying the portion of Defendants' motion challenging Plaintiff's excessive force claim.  However, because Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' motion should be granted.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion for summary judgment (Dkt. No. 18) be GRANTED and the complaint be DISMISSED without prejudice to re-filing; and it is further

**ORDERED** that the Clerk serve copies of the electronically-available-only opinions cited in this Report-Recommendation & Order on Plaintiff.[37]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 8, 2009
         Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[37]  Those decisions include *Chalif v. Spitzer*, No. 9:05-CV-1355, 2008 WL 1848650 (N.D.N.Y. Apr. 23, 2008); *Chavis v. Goord*, No. 07-4787-pr, 2009 WL 1803454 (2d Cir. June 25, 2009); *Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464 (N.D.N.Y. Dec. 22, 2005); *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258 (N.D.N.Y. Sept. 10, 2003); *Mendez v. Artuz*, No. 01 CIV. 4157, 2002 U.S. Dist. LEXIS 3263, 2002 WL 313796, (S.D.N.Y. Feb. 27, 2002); *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177 (W.D.N.Y. Mar. 29, 2004); and *White v. The State of New York*, 00-CV-3434, 2002 U.S. Dist. LEXIS 18791 (S.D.N.Y. Oct 3, 2002).